IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

RATNASIRI LIYANAGE-DON,

    Plaintiff,

v.

NADIA LIYANAGE-DON,

    Defendant.

Case No.: 1:25-cv-00461-SDN

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant Nadia Liyanage-Don, for her Answer to Plaintiff's Amended Complaint, states as follows:

## PARTIES AND JURISDICTION[1]

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint and leaves Plaintiff to his proof.

2. Admitted.

3. Paragraph 3 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

4. Paragraph 4 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

//

//

//

---

[1] Defendant repeats headers for ease of reference and such should not be deemed an admission of same. To the extent a response is contemplated, such constitute legal conclusions to which no responsive pleading is required.

## Count 1
## BREACH OF ORAL CONTRACT

5. Paragraph 5 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

6. Paragraph 6 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Paragraph 13 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

14. Paragraph 14 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

15. Paragraph 15 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

16. Paragraph 16 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

17. Paragraph 17 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

18. Denied.

19. Denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and leaves Plaintiff to his proof.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and leaves Plaintiff to his proof.

22. Denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and leaves Plaintiff to his proof.

24. Paragraph 24 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

25. Denied.

26. Denied.

27. Paragraph 27 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

28. Denied.

29. Paragraph 29 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

30. Paragraph 30 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

31. Paragraph 31 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

32. Paragraph 32 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

33. Paragraph 33 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

34. Paragraph 34 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

35. Paragraph 35 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

36. Paragraph 36 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

## Count 2
### UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)

37. Defendant repeats and realleges her responses to paragraphs 1-36 as if fully set forth herein.

38. Paragraph 38 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

39. Paragraph 39 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint and leaves Plaintiff to his proof.

41. Paragraph 41 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

42.   Paragraph 42 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

43.   Paragraph 43 of the Amended Complaint states legal conclusions to which no responsive pleading is required and which is otherwise denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.   Defendant denies all liability to Plaintiff and further denies that Plaintiff is entitled to the relief sought in Paragraphs A through D of the Amended Complaint.

2.   Defendant expressly reserves the right to supplement this Answer to include additional relevant affirmative and other defenses as additional facts become available.

3.   This Court and the courts of the State of Maine lack personal jurisdiction over Defendant under the Maine long-arm statute, 14 M.R.S. § 703-A and the 14th Amendment to the U.S. Constitution. She is a resident of the State of New York and none of the alleged occurrences from which liability is claimed occurred in the State of Maine.

4.   Plaintiff's claims are barred in whole or in part by the Massachusetts Statute of Frauds, Mass. Gen. Laws, c. 259, § 1 (Fifth), and/or any other applicable statute of frauds, as the alleged agreement could not have been performed within one year from the making thereof. Not only was repayment to purportedly occur more than one year thereafter, the alleged advancement of funds was to be performed through at least 2016, more than one year after the alleged agreement was made.

5.   Plaintiff's claims are barred in whole or in part by the Massachusetts Statute of Limitations, Mass. Gen. Laws, c. 260, § 2, and/or any other applicable statute of limitations.

6.   Plaintiff's claims are barred in whole or in part by the doctrine of laches.

7.  Plaintiff's claims are barred in whole or in part for failure to join a necessary party. To the extent any funds were provided to Plaintiff, those funds did not belong, in whole or in part, to Plaintiff, but rather belonged to Plaintiff's spouse.

8.  Plaintiff lacks standing to bring the claims in the Amended Complaint as he suffered no harm and he has no redressable injury for any alleged failure to repay funds that did not belong to him in the first instance but rather belonged to Plaintiff's spouse.

9.  Plaintiff's claims are barred in whole or in part by the doctrine of waiver as the parties agreed that none of the alleged funds would need to be repaid so long as Defendant did not put Plaintiff "in a home" and Defendant has not put Plaintiff in a home.

10. Plaintiff's claims are barred in whole or in part by an accord and satisfaction as the parties agreed that none of the alleged funds would need to be repaid so long as Defendant did not put Plaintiff "in a home" and Defendant has not put Plaintiff in a home.

11. Plaintiff's claims are barred in whole or in part by his own unclean hands as the alleged funds were not provided as a loan but rather as compensation for prior abuses by Plaintiff inflicted on Defendant.

12. Plaintiff's claims are barred in whole or in part because repayment would frustrate the purpose of any alleged agreement between the parties as the alleged funds were not provided as a loan but rather as compensation for prior abuses by Plaintiff inflicted on Defendant.

## PRAYER FOR RELIEF

WHEREFORE Defendant respectfully requests and prays this Honorable Court:

a)  Declare and adjudge that Plaintiff shall not recover for his claim of breach of contract;

b) Declare and adjudge that Plaintiff shall not recover for his claim of unjust enrichment;

c) Award judgment to Defendant on Plaintiff's Amended Complaint;

d) Award Defendant her reasonable costs, fees, and expenses to the fullest extent allowed by law; and

e) Award Defendant such other relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all claims, defenses, and issues so triable.

Dated: September 18, 2025          Respectfully Submitted,

/s/ Benjamin Hartwell                          /s/ Marc J. Randazza
Benjamin Hartwell, Bar No. 6619                Marc J. Randazza (*pro hac vice*)
STEVE SMITH TRIAL LAWYERS                      RANDAZZA LEGAL GROUP, PLLC
191 Water Street                               30 Western Avenue
Augusta, ME 04330                              Gloucester, MA 01930
Tel: (207) 622-3711                            Tel: (978) 801-1776
Email: ben@mainetriallaw.com                   Email: ecf@randazza.com

*Attorneys for Defendant*

Case No. 1:25-cv-00461-SDN

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Benjamin Hartwell
Benjamin Hartwell