Ratnasiri Liyanage-Don,     *

                               *

             Plaintiff,    *     **Civil Action No. 1:25-cv-00461-SDN**

                               *

v.                           *

                               *

Nadia Liyanage-Don,       *

                               *

             Defendant.   *

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Defendant's Opposition offers no defense to either violation. Instead, it makes three arguments, each of which fails:

First, Defendant claims Plaintiff acted in bad faith. This is factually and legally baseless. Plaintiff's counsel's sworn declaration establishes he did not know 28 U.S.C. § 1446(c)(1) existed until October 8, 2025. One cannot manipulate a deadline one doesn't know exists.

Second, Defendant argues about Facebook service and the June 18 mailing. These arguments fail on the merits and are irrelevant to the one-year deadline. The one-year deadline runs from commencement, not from notice. Even Defendant's timeline proves removal was seventy-six days late.

Third, Defendant's sophisticated federal counsel - who specifically discussed federal jurisdiction on August 28, 2025 - missed mandatory deadlines by seventy-six and fifty-five days. This violates the objective reasonableness standard under *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

So, the Court should grant remand and award fees.

## I. DEFENDANT'S BAD FAITH ARGUMENT FAILS AS A MATTER OF FACT & LAW

The bad faith exception requires proof that plaintiff acted "in order to prevent" removal. 28 U.S.C. § 1446(c)(1). This requires specific intent. One cannot act "in order to" accomplish something one doesn't know is possible.

Defendant bears the burden of proving bad faith by clear and convincing evidence. Suspicion or coincidental timing is insufficient.

Plaintiff's counsel declares under oath: he did not learn about § 1446(c)(1) until October 8, 2025. *Smith Decl*. ¶¶ 8-9. He could not manipulate a deadline he did not know existed. *Id*. ¶ 12. Intent without knowledge is not possible.

This is not a case where counsel admitted anti-removal strategy. Defendant cites *Hiser v. Seay*, 2014 WL 7182488 (W.D. Ky. Dec. 5, 2014), where counsel admitted waiting "until the one-year time period passed" because of the "likelihood of attempted removal." *Id*. at *4. Here, counsel's lack of knowledge of the rule negates any possibility of intentional manipulation.

The timing was coincidental, not strategic. Plaintiff faced genuine service difficulties requiring nine months of attempts across multiple addresses and methods, ultimately necessitating court-authorized Facebook service. *Smith Decl*. ¶¶ 4-5. The Motion to Amend addressed pleading deficiencies in the original complaint and properly alleged damages under Maine law. *Id*. ¶ 10. These are normal litigation activities.

Suspicion without evidence proves nothing. Defendant's bad faith argument fails as a matter of law.

## II. DEFENSE COUNSEL'S SOPHISTICATION PRECLUDES ANY REASONABLE BASIS FOR REMOVAL

Plaintiff's counsel practices almost exclusively in Maine state courts. To the best of his recollection, his last non-bankruptcy federal appearance occurred in 2008. *Smith Decl*. ¶¶ 3, 6.

When Defendant removed the instant case, plaintiff's counsel researched federal removal law for the first time. *Id*. ¶ 7.

Defendant is represented by Randazza Legal Group, PLLC, a national litigation firm with extensive federal court experience across multiple circuits. *Smith Decl.* ¶ 14.

On August 28, 2025 - forty-one days after the one-year deadline expired - Attorney Marc J. Randazza called Plaintiff's counsel and specifically discussed complete diversity of citizenship and the $75,000 amount-in-controversy requirement. *Smith Decl.* ¶¶ 15-17. This demonstrates Attorney Randazza's sophisticated understanding of federal jurisdictional requirements.

Yet despite this knowledge, Mr. Randazza waited fourteen more days before removing the case fifty-five days late.

The timeline reveals forum shopping, not inadvertence:

- September 8: Defendant files Motion to Set Aside Default in state court

- September 16: State court denies motion and maintains default

- September 11: Defendant removes to federal court (three days after state court filing, five days before adverse ruling)

*Smith Decl.* ¶¶ 19-21.

**What Plaintiff's counsel did not know, defense counsel certainly did.**

Defense counsel's demonstrated understanding of federal jurisdictional requirements—evidenced by the August 28 call—makes this seventy-six day violation **difficult to reconcile with the objective reasonableness standard** under *Martin.*

### III. THE ONE-YEAR DEADLINE DOES NOT DEPEND ON NOTICE

Defendant's arguments about Facebook service and the June 18 mailing are immaterial to the one-year deadline. Section 1446(c)(1) prohibits removal "more than 1 year after

commencement of the action" unless plaintiff acted in bad faith to prevent removal. This deadline runs from commencement—June 27, 2024—not from any notice event.

Even accepting Defendant's timeline in full, Defendant removed seventy-six days after the June 27, 2025 deadline. The notice issues Defendant raises may be relevant to the thirty-day deadline under § 1446(b)(3), but they do not affect the one-year calculation. Defendant removed seventy-six days late regardless of when notice was received.

For completeness: the state court order required proof of receipt "if available." Facebook provided no read receipt because apparently the message went to spam. Plaintiff fully complied with the court's order. The June 18 mailing creates a presumption of receipt. The postal service never returned the mailing as undeliverable. Defense counsel's August 28 call—discussing federal jurisdiction in detail—proves actual notice. *Smith Decl.* ¶¶ 15-16.

### IV. EITHER VIOLATION INDEPENDENTLY REQUIRES REMAND

A. The One-Year Violation

This case commenced June 27, 2024. The one-year deadline expired June 27, 2025. Defendant filed removal on September 11, 2025 - seventy-six days late.

Section 1446(c)(1) states a case "may not be removed" after one year unless the plaintiff acted in bad faith to prevent removal. This is jurisdictional. No bad faith exists - Plaintiff's counsel did not know the rule existed.

The deadline is absolute. Defendant's arguments about service are irrelevant to the one-year calculation.

B. The Thirty-Day Violation

The thirty-day deadline provides independent grounds for remand. Under § 1446(b)(3), Defendant had thirty days from receipt of the amended pleading showing removability. The June

18 mailing triggered this deadline. The deadline expired July 18, 2025. Defendant removed on

September 11, 2025 - fifty-five days late.

Either violation independently requires remand. Both violations together compel fees.

## V. ATTORNEY'S FEES ARE WARRANTED

*Martin* authorizes fees when the removing party lacks an objectively reasonable basis for

removal. 546 U.S. at 141. Defendant had no reasonable basis for removing seventy-six days past

one deadline and fifty-five days past another.

The experience differential makes fees appropriate. National litigation firms with decades

of federal court experience do not miss statutory deadlines by two and a half months through

inadvertence. Defense counsel's August 28 discussion of federal jurisdiction proves counsel

knew or should have known about statutory deadlines.

Plaintiff's counsel incurred $7,600 in fees through this Reply: fifteen (15) hours on the

original motion and supplemental memorandum plus four (4) hours on this Reply, at $400 per

hour. *Smith Decl*. ¶ 25. An award of fees serves the deterrent purpose of § 1447(c) and

compensates Plaintiff for costs Defendant imposed through improper removal. Plaintiff requests

attorney's fees in the amount of **$7,600**, or such lesser amount as the Court deems reasonable.

## CONCLUSION

Defendant removed seventy-six days after the one-year deadline and fifty-five days after

the thirty-day deadline. Plaintiff's counsel's sworn declaration establishes he could not have acted

in bad faith. Defense counsel's sophisticated federal practice makes the violations objectively

unreasonable.

The Court should grant Plaintiff's Motion to Remand and award attorney's fees.

Respectfully submitted,

Dated: October 13, 2025

*/s/ Brenden Smith*
Brenden Smith, Esq.
Maine Bar No. 009572
*Attorney for Plaintiff*
Law Office of Brenden Smith
P.O. Box 347
Bowdoinham, ME 04008-0347
(207) 319-9153
bsmith@law-maine.com

6